IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.   5:11-CV-199-FL

| | | |
|---|---|---|
| AMBER S. ANDERSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings   (DE's 37 & 44).   The time for the parties to file any further responses or replies has expired.   Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation.   For the following reasons, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-37) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-44) be DENIED.   Specifically, it is RECOMMENDED that the matter be remanded for more specific findings of fact as detailed below.

I.   **Statement of the Case**

Plaintiff filed an application for disability insurance benefits ("DIB") and child's insurance benefits ("CIB") on April 18, 2007.   (Tr. 17).   On May 4, 2007, Plaintiff filed an application for supplemental security income ("SSI").   *Id.*   In her applications for DIB and SSI, Plaintiff alleged a disability onset date of March 21, 2007, and in her CIB application, Plaintiff alleged a disability

1

onset date of January 1, 1982. *Id.* These applications were denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled in a decision dated May 28, 2010. *Id.* at 17-30. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on February 23, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on April 26, 2011. (DE-4).

## II. Standard of Review

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
>
> Id.

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to

determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## III.   Analysis

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation.   First, the ALJ found that Plaintiff was no longer engaged in substantial gainful employment.  (Tr. 20).  Next, the ALJ found that Plaintiff suffered from the following severe impairments:  1)  bipolar disorder; 2) manic depression; 3) asthma; 4) major depression; and 5) a history of alcohol and marijuana abuse. *Id.*  However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1.  *Id.* at 20-21.

3

The ALJ assessed then Plaintiff's RFC. *Id.* at 21. Specifically, the ALJ determined that Plaintiff had the RFC "to perform a full range of work at all exertional levels." *Id*. However, the ALJ imposed the following non-exertional limitations on Plaintiff's RFC:

> . . .the claimant cannot work with the general public and cannot perform skilled work. The claimant must be limited in her interaction with co-workers and supervisors to non-stressful matters, and the interactions must occur no more than 1/3 of the work-day and be brief in duration 5 to 10 minutes.
>
> *Id.*

The ALJ then proceeded with his analysis and determined that Plaintiff had no past relevant work. *Id.* at 28. However, the ALJ found that there were jobs that Plaintiff could perform and that these jobs existed in significant numbers in the national economy. *Id.* at 29. Despite his earlier findings that Plaintiff had severe mental impairments as well as notable non-exertional limitations, the ALJ did not use the testimony of a vocational expert ("VE") in reaching this conclusion. *Id.* at 29. Instead, the ALJ relied upon the medical-vocational guidelines ("Grids") to determine that there were jobs in the national economy which Plaintiff could perform. *Id.* Specifically, the ALJ conceded that Plaintiff's ability to perform work at all exertional levels has been compromised by non-exertional limitations. *Id.* Nonetheless, the ALJ determined that "these limitations have little or no effect on the occupational base of unskilled work at all exertional levels." *Id.* Although the ALJ indicates that he took judicial notice of the information contained in the Dictionary of Occupational Titles, this statement is not elaborated upon and no other support is provided for this conclusion. *Id.* Regardless, the ALJ ultimately determined that Plaintiff was not under a disability at any time through the date of his decision. *Id.* at 29-30.

**The ALJ erred in not using the testimony of a VE**

In the instant matter, the ALJ used the medical-vocational guidelines ("Grids") to

4

determine that there were jobs in the national economy which Plaintiff could perform. If a claimant has no nonexertional impairments that prevent him from performing the full range of work at a given exertional level, the Commissioner may rely solely on the Grids to satisfy his burden of proof. Coffman v. Bowen, 829 F.2d 514, 518 (4th Cir. 1987); Gory v. Schweiker, 712 F.2d 929, 930-31 (4th Cir. 1983). However, the Grids are dispositive of whether a claimant is disabled only when the claimant suffers from purely exertional impairments. Aistrop v. Barnhart, 36 Fed. Appx. 145, 146 (4th Cir. 2002)(unpublished opinion). To the extent that nonexertional impairments further limit the range of jobs available to the claimant, the Grids may not be relied upon to demonstrate the availability of alternate work activities. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983). Rather, when a claimant suffers from both exertional and nonexertional limitations, the Grids are not conclusive but may only serve as a guide. Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989)(*citing* Wilson v. Heckler, 743 F.2d 218 (4th Cir. 1984)). A nonexertional limitation is a "limitation that is present whether the claimant is attempting to perform the physical requirements of the job or not . . . [s]uch limitations are present at all times in a claimant's life, whether during exertion or rest." Woody v. Barnhart, 326 F. Supp.2d 744, 752 (W.D.Va. 2004)(*quoting* Gory 712 F.2d at 930)). Typically, they are conditions such as mental disorders, environmental intolerances, substance addictions, or sensory impediments. *Id.* (*citing* 20 C.F.R. § 1569a, SSR 96-8p; and Walker, 889 F.2d at 48-49 (4th Cir. 1989)). Furthermore "[a] non-exertional limitation is one that places limitations on functioning or restricts an individual from performing a full range of work in a particular category." Aistrop, 36 Fed. Appx. at 147(*citing* Gory, 712 F.2d at 930). However, not every nonexertional limitation or malady rises to the level of nonexertional impairment, so as to preclude reliance on the Grids. Walker, 889 F.2d at 49 (*citing* Grant,699 F.2d at 189). The proper inquiry is whether the nonexertional

5

condition affects an individual's RFC to perform work of which she is exertionally capable. *Id.*

When a claimant suffers from nonexertional impairments, the Commissioner must produce a VE

to testify that the particular claimant retains the ability to perform specific jobs which exist in the

national economy. Grant, 699 F.2d at 192 (*citing* Taylor v. Weinberger, 512 F.2d 664 (4th Cir.

1975)).

Here, the ALJ determined that Plaintiff's mental impairments were severe and significantly

affected her ability to work. (Tr. 20-21). However, the ALJ later states with, with little support,

that "these limitations have little or no effect on the occupational base of unskilled work at all

exertional levels." *Id.* at 29. This finding is not consistent with Social Security Ruling ("SSR")

85-15, which states in pertinent part:

> The basic mental demands of competitive, remunerative, unskilled work
> include the abilities (on a sustained basis) to understand, carry out, and
> remember simple instructions; to respond appropriately to supervision,
> coworkers, and usual work situations; and to deal with changes in a routine
> work setting. A substantial loss of ability to meet any of these basic
> work-related activities would severely limit the potential occupational base.

> SSR 85-15, 1985 WL 56857.

To this end, the ALJ specifically found that, due to severe mental impairments, Plaintiff

was limited in her ability to respond to supervision and co-workers. *Id.* at 21. Specifically, the

ALJ determined that Plaintiff "must be limited in her interaction with co-workers and supervisors

to non-stressful matters, and the interactions must occur no more than 1/3 of the work-day and be

brief in duration 5 to 10 minutes." *Id.* Per SSR 85-15, this limitation constitutes a "substantial

loss of ability to meet . . . basic work-related activities" and therefore "limit[s] the potential

occupational base." SSR 85-15, 1985 WL 56857. As such, Defendant was required to produce

the testimony of a VE. Grant, 699 F.2d at 192. *See also,* Cain v. Astrue, 2009 WL 3698112

(D.S.C., November 2, 2009)(*citing* <u>Millhouse v. Astrue</u>, 2009 WL 763740 (M.D.F., March 23, 2009)(Use of Grids to direct a finding of non-disability improper where ALJ has found that Plaintiff has a severe impairment of depression)).

Therefore, it is HEREBY RECOMMENDED that this matter be remanded to permit an ALJ to obtain the testimony of a VE.

### Conclusion

For the reasons discussed above, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-37) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-44) be DENIED. Specifically, it is RECOMMENDED that the matter be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to permit an ALJ to make additional findings in accordance with the foregoing directives.

SO RECOMMENDED, in Chambers at Raleigh, North Carolina on Thursday, February 02, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE